UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 20-00538 PA (RAOx) | Date | January 22, 2020 |
|---|---|---|---|
| Title | Manuel Zaragoza v. Sealy, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

     Before the Court is a Notice of Removal filed by defendant Sealy, Inc. ("Defendant"). (Dkt. No. 1 ("Removal").) Defendant asserts this Court has jurisdiction over the action brought against it by plaintiff Manuel Zaragoza ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

     In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

     In an effort to establish the Court's diversity jurisdiction, Defendant's Notice of Removal alleges:

> Plaintiff is and was a citizen of the State of California at all relevant times. Plaintiff alleges in the Complaint 'that at all times relevant herein he was [an] individual residing in [the] County of Los Angeles and a resident of the state of California.' (Compl. ¶ 5). Additionally, Plaintiff's personnel

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 20-00538 PA (RAOx) | Date | January 22, 2020 |
|---|---|---|---|
| Title | Manuel Zaragoza v. Sealy, Inc., et al. | | |

>   records indicate that he lived in Bellflower, California during the entire period of employment with Sealy, Inc. . . . Plaintiff is also a member of Teamsters Local 986. There is no indication in his personnel records that he ever intended to relocate outside of California, or that he has done so.

(Removal at ¶ 13.) As the Notice of Removal alleges, Defendant's support for its allegations concerning Plaintiff's citizenship relies in part on paragraph 5 of the Complaint that Plaintiff filed in the Los Angeles Superior Court. That paragraph of Plaintiff's Complaint alleges only Plaintiff's residence, and does not allege Plaintiff's state of domicile or citizenship. Because an individual is not necessarily domiciled where he or she resides, Defendant's allegations of Plaintiff's residency are insufficient to establish his citizenship. In addition, Defendant relies on Plaintiff's personnel file, which indicates Plaintiff lived in Bellflower, California, and contains no indication Plaintiff intended to relocate outside of California. According to Plaintiff's Complaint, Plaintiff only worked for Defendant for three years. In addition, the Court is not convinced that an employee would update his personnel file to tell his employer he intended to relocate outside of California, particularly after that employee's employment has been terminated. Finally, the Court does not see how Plaintiff's membership in Teamsters Local 986 suggests anything regarding Plaintiff's citizenship.

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

For the foregoing reasons, Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case No. 19STCV44952, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.